**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2984

_____

Beck Materials Company,           *
                                  *
            Petitioner,           *
                                  * Petition for Review of an
Order                             
      v.                          * of the Federal Mine Safety
&                                 
                                  * Health Review Commission.
Federal Mine Safety and Health                           *
Review Commission; Robert B. Reich,                      *
      [UNPUBLISHED]               
Secretary of Labor,               *
                                  *
            Respondents.          *

_____

                          Submitted:   September 23,
1997
                              Filed:   October 14,
1997

_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
_____

PER CURIAM.


      Beck Materials Company (Beck) petitions for review of
the Federal Mine Safety and Health Review Commission
(Commission) order affirming three citations and civil
penalties assessed by the Secretary of Labor (Secretary)
pursuant to Section 105 of the Federal Mine Safety and
Health Act of 1977, 30 U.S.C. § 801 et seq.

The citations arose from a December 7, 1994 accident wherein Beck's quarry

foreman Doug Laird was seriously injured while making adjustments to a conveyer belt at Beck's rock-crushing operation, without deenergizing the conveyer system. Following the accident, the Secretary issued three citations for mandatory safety violations, charging that Laird was making adjustments to the conveyor belt without deenergizing and locking out the conveyor system, in violation of 30 C.F.R. § 56.12016; that Laird failed to use a safe means of access to make adjustments to the belt, in violation of 30 C.F.R. § 56.11001; and that the belt pulleys were not sufficiently guarded to prevent contact with the pinch point, in violation of 30 C.F.R. § 56.14107(a). The Secretary determined that the violations were "significant and substantial" and that violations related to the failure to provide safe access and to deenergize the machinery were the result of Beck's "unwarrantable failure" to comply with mandatory health standards. See 30 U.S.C. § 814(d)(1). The Secretary proposed civil penalties in the amount of $3,500.

Beck challenged the proposed penalties, asserting its employees were instructed to deenergize equipment in connection with repairs, safe access was readily available to its employees, and all moving equipment parts were thoroughly guarded.

Following a hearing before an Administrative Law Judge (ALJ), the ALJ modified the citations and ordered Beck to pay $2,800. Beck's petition for discretionary review with the Commission was denied, and Beck timely petitions for review.

After thorough review of the record we conclude that

-3-

the ALJ's decision is supported by substantial evidence on the record as a whole.  <u>See</u> 30 U.S.C. § 816(a)(1).

Accordingly, the petition for review is denied.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.